GARDEN, JUDGE:
Claimant testified that she was operating her 1971 Chevrolet automobile in a northerly direction on Greenbrier Street in *154 Charleston on the morning of July 7, 1977, and was making a left turn from that street in order to proceed in a westerly direction on Interstate 64. She was ascending a hill on Greenbrier Street as she approached its intersection with Interstate 64 when she suddenly came upon a large “blotch” of yellow paint which apparently had been spilled on the street. She further testified that yellow center lines in the immediate area appeared to be freshly painted and that she also observed a truck in the area with a center line painting attachment on its rear, but that she could not identify it as being one of respondent’s pieces of equipment.
Claimant, after arriving at her place of employment, phoned respondent’s office and reported the incident, and she was advised that they (the respondent) were aware of the spilled paint and that she should obtain an estimate of the cost to remove the paint from her car and take photographs of her car depicting the areas damaged by the paint. The claimant thus obtained an estimate for the paint removal from Tag Galyean Chevrolet, Inc. in the amount of $98.88, and photographs of her car were introduced into evidence which clearly reflected the existence of yellow paint on the right wheels and lower portion of the right-hand side of the body of her car.
E. E. Goodwin, chief claims investigator of respondent, testified that respondent maintained records reflecting the activities of its center line painting crews and that he had carefully examined the pertinent records during the early part of July 1977, and that they failed to disclose that respondent had performed any center line painting at the subject intersection or had transported any paint through the area.
The hearing in this claim was held on March 29, 1978, and the facts as set out above were established. The Court was of the opinion that the claim should be disallowed because the claimant had failed to establish by a preponderance of the evidence that the respondent had in fact spilled the paint. However, prior to the issuance of an opinion, it was brought to the attention of the Court that employees of respondent did indeed spill the paint. As a result, the Court, on its own motion, reopened the claim on July 5, 1978, to permit the introduction of *155 this after-discovered evidence in the form of the testimony of Bill G. Shuler.
Mr. Shuler testified that he is employed by respondent as a chemist with the Materials Control Soil and Testing and that among his duties was the testing of road paint for durability. He further indicated that on July 7, 1977, he and other employees of respondent were transporting paint for testing purposes from their office on Michigan Avenue in Charleston to Nitro; that they were using a stake body truck with a section of the tailgate missing, and to keep the paint cans from falling from the truck, they had placed garbage cans on the truck to more or less block the missing tailgate section.
Mr. Shuler further testified that, as the truck neared the intersection of Greenbrier Street and 1-64, two one-gallon cans of yellow paint fell from the truck and ruptured when they struck the street. Before respondent’s employees could get back to the area to warn motorists of the paint spill, Mr. Shuler testified that cars were proceeding through the wet paint. He further indicated that he called his office from Nitro and reported the incident but that he never filed a report in writing, which accounts for E. E. Goodwin’s testimony; that he (Goodwin) could, find no record of painting or of paint being transported at this intersection.
Being of the opinion that the respondent’s employees were negligent in attempting to transport this paint in a truck with a missing tailgate section, and being of the further opinion that the claimant was not guilty of contributory negligence, we hereby make an award in favor of the claimant in the amount of $98.88.
Award of $98.88.